UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH McKEOWN,

        Plaintiff,

v.                                          CASE No. 8:06-CV-135-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,[1]

        Defendant.

_____

## O R D E R

        The plaintiff in this case seeks judicial review of the denial of her

claims for Social Security disability benefits and supplemental security

income payments.[2]  Because the decision of the Commissioner of Social

Security is supported by substantial evidence and does not contain any

reversible error, the decision will be affirmed.

I.

---

        [1]Michael J. Astrue became the Commissioner of Social Security.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, he should be substituted for Jo Anne B.
Barnhart as the defendant in this suit.

        [2]The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 13).

The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has the equivalent of a high school education and some college credits (Tr. 118, 332, 334), has worked at a number of different jobs (Tr. 103). She filed claims for Social Security disability benefits and supplemental security income payments, alleging she became disabled due to a curved spine and a right ankle that has not healed properly from a surgery (Tr. 112). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of an ankle fracture, affective disorder, hematochezia, scoliosis, hypertension, anxiety, and chronic back pain (Tr. 26). He concluded that these impairments limited the plaintiff to a significant range of light work involving simple, repetitive tasks requiring only minimal interaction with supervisors and the public and minimum stress (Tr. 29, 32). He determined that the plaintiff can sit for thirty minutes at a time for six hours in a workday, and stand or walk for thirty minutes at a time for four hours in a workday, provided that she has the ability to alternate positions every thirty minutes (id.). He also found that the plaintiff can occasionally climb, balance, stoop,

crouch, kneel, and crawl, but cannot reach overhead with her right upper extremity (id.).   The law judge concluded that the plaintiff must avoid excessive humidity, heat, dust, fumes and gases (id.).   The law judge determined that these limitations precluded the plaintiff from returning to past work (Tr. 30, 32).   However, based upon the testimony of a vocational expert, the law judge found that there were jobs in the national economy that the plaintiff could perform, such as a production assembler, assembler of small products I, assembler of small products II and office helper (Tr. 31). Accordingly, the law judge decided that the plaintiff was not disabled (id.). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."   42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).   A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). In this case, the plaintiff must show that she became disabled before her insured status expired on December 31, 2000, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952. There is not a similar requirement with respect to the plaintiff's claim for supplemental security income payments.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir.

1963).   Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.   However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.   Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on two grounds. Neither of her arguments warrants reversal of the law judge's decision.

A.   The plaintiff argues that the law judge failed to evaluate her complaints that her medications make her drowsy (Doc. 15, pp. 6-8).  The Eleventh Circuit has established a standard for evaluating complaints of pain and other subjective complaints.   Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).   The law judge expressly referred to this standard (Tr. 27), thereby demonstrating that he applied it.   Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Upon application of the standard, the law judge concluded (Tr. 29):

> Based on the lack of corroborating medical
> evidence, the [plaintiff's] inconsistent statements,
> and the [plaintiff's] wide range of activities, the

> undersigned finds that the [plaintiff] is not entirely
> credible and is capable of more than she alleges.

This finding is explicit and adequate to discount the plaintiff's subjective allegations. See Heppell-Libsansky v. Commissioner of Social Security, 2006 WL 622745 at *5 (11th Cir. 2006)(unpub. dec.).

The plaintiff argues, however, that, in making his credibility determination, the law judge did not expressly reject the plaintiff's testimony concerning the side effects of medication. The Commissioner persuasively responds that, under the circumstances of this case, the law judge's credibility determination adequately covers the plaintiff's testimony regarding her medicine's side effects.

The Commissioner points out that there is no requirement that the law judge specifically refer in his decision to every piece of evidence in the record as long as the decision is sufficient to show that he considered the plaintiff's medical condition as a whole. Dyer v. Barnhart, supra, 395 F.2d at 1211; Ogranaja v. Commissioner of Social Security, 2006 WL 1526062 *3 (11th Cir. 2006)(unpub. dec.). Here, the law judge expressly noted the plaintiff's testimony that muscle relaxers made her agitated, and that medications make her groggy and sleepy (Tr. 28). Thus, there is no basis for concern in this case that the law judge ignored or overlooked this testimony.

Consequently, it is appropriate to conclude that the testimony was covered by the credibility determination.

Moreover, the reasons given by the law judge for his credibility determination – the lack of corroborating medical evidence, the plaintiff's inconsistent statements, and her wide range of daily activities – apply with particularity to the testimony regarding side effects.

Notably, the plaintiff testified that her medications make her sleepy and drowsy for all but an hour or two a day (Tr. 369-73, 376). Despite the fact that the plaintiff asserts that she was virtually incapacitated by side effects from her medications, the medical records that were before the law judge do not appear to reflect any complaints by the plaintiff to doctors of such serious side effects.

Further, the plaintiff testified that she does not drive due to the side effects of medication (Tr. 373). However, she testified, inconsistently, that the previous year she drove 250 miles to visit her mother (Tr. 359). She also acknowledged employment driving cars at an auction, which she stopped performing because a co-worker was engaged in illegal activity, and not because of disability (Tr. 335).

In addition, the law judge pointed to the plaintiff's daily activities, including that she works crossword puzzles, cooks two to three

times a day, shops for groceries, and mows the lawn (Tr. 29).  In fact, the plaintiff acknowledged that she mows the yards of three of her neighbors (Tr. 335).  The law judge also recognized that, since the plaintiff's alleged disability onset date in 1997, the plaintiff engaged in significant employment that was reported to the Social Security Administration (Tr. 24-25).

It is also telling that the plaintiff did not assert at the hearing that she was unable to work due to medication side effects.  Rather, when the law judge asked the plaintiff why she could not work, she answered "I can't stand most of the people.  People expect more out of me than I can give" (Tr. 360). In a follow-up question, when the law judge asked her if that was the only reason, she responded "I'd love to be able to get back out there and sling sheet metal or frame in a house again or - - - I can't do it.  It hurts" (id.).  She also testified (Tr. 351):

> I walked off more jobs than the law allows because of some idiot and their control-freaked attitudes. They want you to do something just because they can.  Something that's totally unnecessary, and I refuse to do it.  I don't jump through hoops for anybody.

Further, when the law judge asked the plaintiff what prevents her the most from working, the plaintiff responded "[m]ainly the people," saying that "I can't stand most people.  People have a tendency to tick me off - -" (id.).

In sum, the plaintiff's contention that the law judge committed reversible error by not specifically evaluating the side effects of the plaintiff's medication is unpersuasive.  Under the circumstances presented here, the law judge's credibility determination covers that allegation.  Moreover, there is ample evidence in the record to justify the discounting of the plaintiff's testimony on that matter.

B.   The plaintiff also contends that the law judge's hypothetical question to the vocational expert contained a limitation that is vague and ambiguous (Doc. 15, pp. 8-10).  The plaintiff asserts that the term "minimum stress" is vague and ambiguous because it is unknown if this means that the plaintiff cannot perform a job that is significantly below her education level or if she cannot handle pressure to produce a certain number of items per day or week (id. at p. 9).  This argument is meritless.

The law judge obtained testimony from a vocational expert and posed a hypothetical question which described in detail the plaintiff's limitations, including that the plaintiff can only tolerate "minimum stress" (Tr. 366).  The vocational expert was not confused by the term "minimum stress," as he answered the law judge's question without seeking clarification of the term and identified jobs that the plaintiff could perform (see Tr. 366-69).  In

addition, the plaintiff was represented at the hearing, and, if her attorney at the time believed there was an ambiguity with this term, he could have clarified the issue at the hearing.

Moreover, on its face, the term "minimum stress" appears to relate to stress due to production goals or time constraints. There is no reason to think that the term has any relation to the plaintiff's education level. The law judge in his hypothetical question included the plaintiff's educational background (Tr. 366), which is the equivalent of a high school education with college credits (Tr. 118, 334).

Therefore, in the hypothetical question, the educational background and the restriction of "minimum stress" clearly concerned two distinct aspects of the plaintiff's profile. The law judge plainly would not have included in his hypothetical question two phrases that referred to the same factor. For these reasons, the law judge's limitation of "minimum stress" was not vague or ambiguous.

In sum, the plaintiff's challenges to the law judge's decision do not justify reversal. Accordingly, the law judge's decision will be affirmed.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this <u>4th</u> day of May, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE